JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Jonathan Fonte (appellant) appeals his conviction for disseminating matter harmful to juveniles. After reviewing the facts of the case and pertinent law, we affirm appellant's conviction and remand to the trial court to correct its journal entries to accurately reflect what occurred in open court.
 I {¶ 2} Appellant met T.C. (T.C.), a 14-year-old female who represented herself as being 17 years old, through an internet chat room. On May 1, 2004, T.C. went from her home in Eastlake to appellant's apartment in North Royalton during the middle of the night. While at the apartment, appellant, who was 21 years old at the time, and T.C. watched two movies, Texas Chainsaw Massacre and Extreme Teen. T.C. alleges that appellant took off his pants, made her touch his penis, and then took off her pants and touched her breasts, thighs, and vagina.
 {¶ 3} On June 14, 2004, appellant was indicted for two counts of rape, one count of kidnapping, two counts of unlawful sexual conduct with a minor, one count *Page 3 
of disseminating matter harmful to juveniles, and one count of gross sexual imposition. On May 17, 2005, a jury found appellant guilty of disseminating matter harmful to juveniles, in violation of R.C. 2907.31, and acquitted appellant on the rape, kidnapping and gross sexual imposition charges. The two counts of unlawful sexual conduct with a minor resulted in a hung jury. A new trial was scheduled for the two remaining charges of unlawful sexual conduct; however, on August 31, 2005, appellant pled guilty to one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04, and the court dismissed the remaining count. On October 5, 2005, the court sentenced appellant to two years of community control sanctions. Thus, all counts from the June 14, 2004 indictment were disposed of in open court.
 {¶ 4} The instant appeal only concerns appellant's conviction for disseminating matter harmful to juveniles. However, before reviewing the merits of appellant's assignments of error, we must address a procedural irregularity that occurred in the instant case. Subsequent to the June 14, 2004 indictment from which this case stems (Case No. CR-452983), appellant was charged in two additional indictments with similar sex offenses involving teenage girls (Case Nos. CR-454884 and CR-458469). The court handled all three criminal cases together, up to and including sentencing. When all is said and done, appellant was convicted of one count of disseminating matter harmful to juveniles, and he pled guilty to two counts of unlawful sexual conduct with a minor, one count of assault, and one count of gross sexual imposition. The court sentenced appellant to two years of *Page 4 
community control sanctions for all offenses in the three cases of which appellant was convicted or found guilty.
 {¶ 5} The procedural glitch lies in two journal entries from Case No. 452983 that do not accurately reflect what happened on the record in open court. The August 31, 2005 entry journalizing appellant's guilty plea to one count of unlawful sexual conduct with a minor reflects that all other counts in the June 14, 2004 indictment were dismissed, when, in fact, only one count was dismissed, appellant was found guilty of one count, and not guilty of the remaining four counts. The October 5, 2005 entry journalizing appellant's sentencing hearing reflects that appellant was sentenced to two years of community control sanctions for one count of unlawful sexual conduct with a minor, when, in fact, he was sentenced to two years of community control sanctions for all five counts in the aggregate.
 {¶ 6} We rule that these inconsistent journal entries are clerical errors by the trial court and may be corrected upon remand. SeeState v. McIntosh, Cuyahoga App. No. 81060, 2002-Ohio-4184.
 II {¶ 7} Appellant presents two assignments of error for our review, which will be discussed together. They read as follows: "The trial court erred when it failed to grant a judgment of acquittal under Crim.R. 29 for the count of disseminating obscenity to a juvenile"; and "the appellant's conviction for disseminating material harmful to a juvenile should be reversed for lack of sufficient evidence." Specifically, *Page 5 
appellant argues that the videotape admitted into evidence and shown to the jury, entitled Extreme Teen, was not obscene.
 {¶ 8} Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." Additionally, when reviewing sufficiency of the evidence, an appellate court must determine "[w]hether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259.
 {¶ 9} Disseminating matter harmful to juveniles is defined in R.C.2907.31, in pertinent part, as follows: "No person * * * shall recklessly * * * disseminate * * * to a juvenile * * * any material * * * that is obscene." Furthermore, "obscene" material is defined in R.C. 2907.01(F) as any material, "judged with reference to ordinary adults," to which the following apply:
 "(1) Its dominant appeal is to prurient interest;
 "(2) Its dominant tendency is to arouse lust by displaying or depicting sexual activity, masturbation, sexual excitement, or nudity in a way that tends to represent human beings as mere objects of sexual appetite; * * *."
 {¶ 10} Additionally, the United States Supreme Court put forth basic guidelines for determining whether material is obscene from a constitutional standpoint: *Page 6 
 "(a) whether `the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest;
 "(b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and
 "(c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."
Miller v. California (1973), 413 U.S. 15, 24 (internal citations omitted).
 {¶ 11} The Ohio legislature has specifically defined "sexual conduct" in R.C. 2907.01(A) as follows:
 "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however, slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 12} In the instant case, T.C. testified that appellant showed her the Extreme Teen video, the video was seized as evidence from appellant's apartment and showed to the jury during trial. From our review of the video in question, we conclude that Extreme Teen is blatantly obscene. Within the first few seconds of playing the video, the following was observed: hard core sexual conduct including vaginal and anal intercourse, fellatio, cunnilingus, masturbation, and ejaculation, all involving several males and several females. In addition, counsel admitted during oral argument that he did not view the videotape in question. Appellant's two assignments of error are overruled. *Page 7 
 {¶ 13} Judgment is affirmed and remanded to the trial court to modify the entries journalizing the August 31, 2005 plea hearing and the October 5, 2005 sentencing hearing to reflect that appellant was convicted of count six in Case No. CR-452983, disseminating matter harmful to juveniles, and sentenced accordingly. It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1